UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20607-CIV-ROSENBAUM/SELTZER

DEMOCRATIC REPUBLIC OF THE CONGO,

    Plaintiff,

vs.

AIR CAPITAL GROUP, LLC, *et al.*,

    Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE EXPERT

This matter is before the Court upon Defendants' Motion to Prohibit the Testimony of John Zappia for Failure to Timely Submit an Expert Report or, in the Alternative, to Disqualify Zappia as an Expert [D.E. 77]. In the instant motion, Defendants seek to strike the report and exclude the testimony of John Zappia, an expert retained by Plaintiff to offer an opinion on the amount of damages incurred by Plaintiff. Defendants argue that Zappia's report was both untimely and deficient under Federal Rule of Civil Procedure 26(a)(2). In addition, Defendants contend that Zappia does not satisfy the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and therefore should not be permitted to testify as an expert. For the reasons set forth below, the Court denies Defendants' Motion.

## I. BACKGROUND

This case involves claims and counterclaims surrounding the alleged breach of a contract to refurbish Plaintiff's Boeing 707 aircraft. *See* D.E. 1; D.E. 23. The details of the case are recounted elsewhere, *see* D.E. 24; D.E. 44, and only those details relevant to Defendants' Motion will be set

forth here. On May 30, 2012, the Honorable Urusla Ungaro[1] entered a Scheduling Order that, among other things, set a cutoff date of December 7, 2012, for all discovery. D.E. 26. That Order also provided that

> ALL EXPERT DISCOVERY MUST BE COMPLETED BY THE DISCOVERY CUT-OFF. THEREFORE, THE PARTIES MUST AGREE UPON A SCHEDULE FOR EXPERT DISCLOSURES AND DEPOSITIONS WHICH WILL FACILITATE THEIR COMPLETION BY THAT DATE.

*Id.* at 1. Although the parties made some limited efforts to develop a schedule for expert disclosures and depositions, *see* D.E. 77, ¶¶ 8-9, apparently no agreement was ever reached.

On November 29, 2012, Plaintiff moved to extend the discovery deadline by sixty days to, among other reasons, allow work to be completed on the aircraft so a more accurate estimate of damages could be produced. D.E. 68, ¶¶ 6-8. Defendants agreed to a forty-five-day extension of the deadlines. D.E. 70, ¶ 2. Subsequently, the Court granted in part Plaintiff's request and reset the scheduling deadlines in this case on January 18, 2013. Specifically, trial was rescheduled to begin on May 16, 2013, and the date to complete all discovery was set for January 31, 2013. D.E. 73. The revised scheduling order, a paper document, also provided that the "parties shall agree on a schedule for expert disclosures and depositions that complies with the Federal Rules of Civil Procedure and the discovery cut-off date set forth above." *Id.* at 2.

Once again, however, it appears that the parties did not attempt to agree on a general schedule for expert disclosures and depositions. Nevertheless, on the same day that the Court reset the schedule, Plaintiff disclosed to Defendants an unsigned copy of Zappia's Rule 26(a)(2) expert report. D.E. 77, ¶ 17; D.E. 88, ¶ 6. Plaintiff provided a signed copy of Zappia's report to Defendants on

---

[1] This case was subsequently reassigned to me on July 27, 2012. D.E. 45.

January 29, 2013.² D.E. 77, ¶ 19; D.E. 88, ¶ 8.³ No motions concerning Zappia or his report were filed until Defendants filed the instant motion on March 1, 2013. Of note, however, the parties did file a joint motion to extend the discovery deadline to accommodate the late deposition of another witness. D.E. 74.

Defendants offer two arguments for why Zappia's report should be excluded under Rule 37(c)(1). Defendants contend, first, that the disclosure of Zappia's report was untimely and, second, that Zappia's report does not comply with the content requirements of Rule 26(a)(2)(B). Failing exclusion of Zappia's testimony, Defendants alternatively seek that the Court "require Zappia to provide an expert report that fully complies with Rule 26," award attorney's fees, provide a jury instruction on Plaintiff's failure to disclose, permit Defendants an opportunity to depose Zappia, allow for a period "to consider whether a rebuttal expert is necessary," and extend the deadline for Defendants to implead third parties. D.E. 77 at 15-16. Finally, should the Court not strike or sanction Plaintiff under Rule 37(c)(1), Defendants argue that Zappia should still be disqualified as an expert under the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals., Inc.*, 509 U.S. 579 (1993), and its progeny.

## II. DISCUSSION

### A. Timing and Sufficiency of Plaintiff's Expert Disclosure

Rule 26(a)(2) requires a party to disclose the identity of any expert it may use at trial. Fed. R. Civ. P. 26(a)(2)(A). If the expert is specially retained to provide testimony in the case, the

---

² This report was otherwise materially the same as the one Plaintiff gave Defendants on January 18, 2013. D.E. 77, ¶ 19; D.E. 88, ¶ 8.

³ Zappia updated his report, pursuant to Rule 26(e)(2), on February 25, 2013.

-3-

disclosure must also include a written report, prepared and signed by the witness, that contains the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). The disclosure and written report must be made at the time ordered by the court, or in the absence of an agreement among the parties or court order, the disclosure must occur at least ninety days before the date set for trial. Fed. R. Civ. P. 26(a)(2)(D)(i).

Rule 37(c)(1) states,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). The rule also permits the Court to impose other sanctions, including attorney's fees and informing the jury of the party's failure, in addition to or in lieu of excluding the witness. *Id.* Under the Local Rules of this Court, all motions related to discovery must be filed within thirty days of the occurrence of grounds for the motion. L.R. 26.1(h), S.D. Fla. Failure to file a timely discovery motion within thirty days "may constitute a waiver of the relief sought." *Id.*

The purpose of Rule 26(a)'s expert-disclosure requirement is "to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (internal quotation marks and citation omitted). The content of an expert report is adequate "when it is sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." *Goodbys Creek, LLC v. Arch Ins. Co.*, 2009 WL 1139575, at *1 (M.D. Fla. Apr. 27, 2009) (internal quotation marks and citation omitted). The exclusion of expert testimony, however, is "a severe sanction that is not appropriate where a party's actions do not result in prejudice to the opposing party." *Zaki Kulaibee Establishment v. McFliker*, 2011 WL 1327145, at *4 (S.D. Fla. Apr. 5, 2011) (citation omitted).

At the outset, the Court notes that, ironically, Defendants' Motion is itself untimely under the Local Rules, in that it should have been filed within thirty days of either the unsigned disclosure on January 18, 2013, or—at the very latest—within thirty days of the signed but allegedly deficient disclosure on January 29, 2013. By not filing their Motion until March 1, 2013, Defendants have arguably waived their right to relief under Rule 37(c)(1). Even if the Court overlooks the timing requirements of Local Rule 26.1(h), however, and reaches the merits of Defendants' Motion, Defendants are not entitled to the relief they seek.

As for the timing of Zappia's report, the Court cannot conclude that disclosure on January 29, 2013, was untimely. It is true that the Court ordered the parties to agree to a schedule for expert disclosures and depositions that complied with the discovery cut-off date of January 31, 2013. However, it is apparent that the parties did not attempt to reach any agreement—fault for which lies with both sides. In the absence of an agreement or court order requiring expert depositions, Plaintiff

was not required by any Federal or Local Rule[4] to build in any amount of time between its disclosure and the discovery cutoff. Further, Zappia's signed report was disclosed more than ninety days before the then-scheduled date for trial. Accordingly, there is nothing untimely about Plaintiff's disclosure of Zappia's report and excluding Zappia under Rule 37(c)(1) would be inappropriate.

Furthermore, the Court notes that to the extent that Defendants were worried that they did not have sufficient time after receiving the report on January 29 to depose Zappia before the close of discovery, Defendants could have sought an extension of time to conduct such a deposition. Defendants, in fact, did seek such an extension for the deposition of another witness, *see* D.E. 74, but for unexplained reasons did not seek one for Zappia. *See Ellison v. Windt*, 2001 WL 118617, at *3 (M.D. Fla. Jan. 24, 2001) ("When, as here, a party fails to promptly seek enforcement of his rights, any prejudice suffered arises largely from the party's own inaction.").

Defendants also briefly suggest that Zappia's report does not meet the content requirements of Rule 26(a)(2)(B). *See* D.E. 77 at 10-11 ("Moreover, Zappia's written report is cryptic at best and does not contain all of the information required by Rule 26(a)(2)(B)."). Defendants do not elaborate on this further in their Motion, but, in their reply brief, they assert that Zappia's report "does not provide any bases for his opinions that the listed items constitute damages" and, therefore, that the report should be stricken. D.E. 99 at 10.

---

[4] Defendants rely on *Reese*, which discussed a local rule in another district that required parties to "designate the [expert] witness sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert." 527 F.3d at 1265. The mandate of the Court's scheduling orders is distinguishable from this rule, though, in that here the parties were merely required to reach an agreement on a time frame for disclosures and depositions. To the extent Defendants blame Plaintiff for the failure to reach an agreed time frame, Defendants were free to seek the Court's assistance.

The Court disagrees with Defendants' assessment of Zappia's report and finds that Zappia adequately states the basis for his opinions on damages. Zappia notes that he has reviewed documents from each of the parties and other entities that have done work on the aircraft. D.E. 78-1 at 1. In addition, Zappia's report reflects that he also inspected the aircraft on several occasions. *Id.* Regarding his damage estimates, Zappia states that he "reviewed work completed under Work Order 17353, Work Order 17746, Work Order 18043 and Work Order 18156 together." *Id.* at 10. Zappia attaches to his report two spreadsheets—one chart summarizing his estimates of damages in a variety of general categories and one extensively detailed spreadsheet revealing how he calculated his damage estimates. *Id.* at 16-25. The detailed spreadsheet notes the work-order number, the invoice number, a description of the item in question, the total labor hours spent on the item, the labor cost, the material cost, the invoiced amount, and additionally incurred costs. *See, e.g.*, *id.* at 19. Zappia then reaches his damages estimate by totaling the costs incurred for each item. These calculations form the basis for Zappia's damages figures and are sufficiently clear to meet the requirements of Rule 26(a).

Further, when Defendants state that "Zappia's opinion is that four lavatory door handles had to be replaced because the aircraft sat for that period of time," D.E. 99 at 10, they mischaracterize the report. Zappia is not opining that the handles *had to be replaced* but rather they *were replaced* and, as a result, Plaintiff incurred certain costs. To the extent that Defendants disagree that the costs incurred represent damages for which they should be held responsible, that is an issue for trial and not an indicator that Zappia's report is deficient.

Zappia's report was neither untimely nor deficient under Rule 26(a)(2). Accordingly, no basis to strike the report or impose other sanctions under Rule 37(c)(1) exists, and Defendants' motion is denied on this point.

### B. Zappia's Expert Qualifications

When a party proffers the testimony of an expert under Rule 702 of the Federal Rules of Evidence, the party offering the expert testimony bears the burden of laying the proper foundation, and that party must demonstrate admissibility by a preponderance of the evidence. *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291-92 (11th Cir. 2005); *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999). In making the determination of whether expert testimony and any report prepared by the expert may be admitted, the Court engages in a three-part inquiry of whether (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998) (citing *Daubert*, 509 U.S. at 589). The Eleventh Circuit refers to each of these requirements as the "qualifications," "reliability," and "helpfulness" prongs. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004).

In a district court's analysis under *Daubert*, the court must take on the role of a gatekeeper, but this role "is not intended to supplant the adversary system or the role of the jury." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois, UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003) (quoting *Maiz v. Virani*, 253 F.3d 641, 666 (11th Cir. 2001)). Under this function, the district court must "ensure that speculative, unreliable expert testimony does not reach the jury." *McCorvey v. Baxter Healthcare*

*Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002). But "it is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence." *Quiet Tech. DC-8, Inc.*, 326 F.3d at 1341; *Maiz*, 253 F.3d at 666 (quoting *Alison*, 184 F.3d at 1311). Thus, the district court cannot exclude an expert because it believes the expert lacks personal credibility. *Rink*, 400 F.3d at 1293, n.7. To the contrary, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Quiet Tech. DC-8, Inc.*, 326 F.3d at 1341 (quoting *Daubert*, 509 U.S. at 596).

Determining whether a witness is qualified to testify as an expert "requires the trial court to examine the credentials of the proposed expert in light of the subject matter of the proposed testimony." *Jack v. Glaxo Wellcome, Inc.*, 239 F. Supp. 2d 1308, 1314-16 (N.D. Ga. 2002). An expert may be qualified "by knowledge, skill, experience, training, or education." *Furmanite Am., Inc. v. T.D. Williamson*, 506 F. Supp. 2d 1126, 1129 (M.D. Fla. 2007) (citing Fed. R. Evid. 702). Moreover, "[a]n expert is not necessarily unqualified simply because [his] experience does not precisely match the matter at hand." *Id.* (citing *Maiz*, 253 F.3d at 665). Under this inquiry, an expert must satisfy a relatively low threshold, beyond which qualification becomes a credibility issue for the jury. *Martinez v. Altec Indus., Inc.*, 2005 WL 1862677, *3 (M.D. Fla. Aug. 3, 2005); *see also Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 507 & n.10 (5th Cir. 1999) (explaining that after an individual satisfies the relatively low threshold for qualification, vigorous cross examination is the appropriate means for attacking the credibility of an expert's testimony), *superseded by rule on other grounds as recognized in Mathis v. Exxon Corp.*, 302 F.3d 448, 459 n.16 (5th Cir. 2002). After the district court undertakes a review of all of the relevant issues and of an expert's

qualifications, the determination regarding qualification to testify rests within the district court's discretion. *See Berdeaux v. Gamble Alden Life Ins. Co.*, 528 F.2d 987, 990 (5th Cir. 1976).

When evaluating reliability, the Court must "assess 'whether the reasoning or methodology underlying the testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue.'" *Frazier*, 387 F.3d at 1262 (quoting *Daubert*, 509 U.S. at 592-93). The criteria used to assess the reliability of a scientific opinion may be used to evaluate the reliability of non-scientific expert opinion. *Id.* The Court has significant leeway in evaluating reliability. *Id.*

Although it is not entirely clear, Defendants appear to be attacking Zappia's qualifications and possibly the reliability of his opinions. *See* D.E. 77 at 19. Specifically, Defendants assert that "[t]here is nothing arising from [Zappia's] mechanic's license and communications license that allows him to become a professional witness for the DRC for all aspects of its supposed damages." *Id.* Defendants also lament the "lack of detail in Zappia's report regarding the methodology and reasoning he used in reaching his opinion." *Id.* Pointing to a line item on Zappia's detailed spreadsheet, Defendants then pose questions about whether, in stating a dollar amount, Zappia is opining on Plaintiff's duty to mitigate damages, Defendants' duty to make payments, or causation. *Id.* at 19-20.

In its response, Plaintiff asserts that Zappia's qualifications are not based solely on his two licenses, but also Zappia's over thirty-five years of experience in the aviation industry, including management of an airline maintenance facility, ownership of a repair station, and work as an avionics and electrical technician. D.E. 88 at 18. Plaintiff contends that this experience renders Zappia qualified to offer opinions "regarding the proper repair and maintenance of aircraft, and the costs

associated with the same." *Id.* at 19.  Significantly, Defendants do not reply to any of these arguments, although they did file a reply brief in support of other aspects of their Motion. *See* D.E. 99.

Zappia will apparently offer opinions concerning the maintenance status of the aircraft upon its arrival in Miami; the availability of parts for this aircraft; the system of contracts put in place for the maintenance of this aircraft; the shortcomings of Defendants' management of the maintenance and the consequences of this allegedly poor management; specific problems concerning the aircraft's engines, avionics, and electrical systems; the physical damage suffered by the aircraft due to storage conditions; issues concerning the non-procurement of a "Stage III Hush Kit;" and the specific calculation of costs incurred by Plaintiff in eventually completing repairs on the aircraft. D.E. 88 at 15-16; *see also* D.E. 78-1.  Zappia has also provided a copy of his *curriculum vitae* detailing his professional experience in the aviation industry dating back to 1972.

The Court finds that Plaintiff has born its burden of establishing by a preponderance of the evidence that Zappia is qualified to testify as an expert in this case.  Plaintiff has demonstrated Zappia's lengthy and significant professional experience with aircraft maintenance and repair.  Each of Zappia's opinions, which deal with the mechanics or business of aircraft maintenance, fall squarely within his extensive professional experience.  It is clear that Zappia's opinions are not based solely on his mechanic's and communication licenses but rather on the entire breadth of Zappia's experience.[5]

---

[5] Defendants' failure to address the breadth of Zappia's professional experience in its reply brief suggests that Defendants may have even conceded the point.

Concerning reliability, Zappia has indicated that his methodology involved reviewing documents provided by Defendant Air Capital Group; Plaintiff; Commercial Jet, Inc.; ARC Avionics Corporation; Turbine Engine Center, Inc.; AeroMech, Inc.; Bonus Aerospace, Inc.; and Bonus Tech, Inc., concerning the work performed, as well as undertaking multiple inspections of the actual aircraft. D.E. 78-1 at 1. Zappia's methodology involves the review of the maintenance requested, the work performed, the circumstances of the work, and the costs incurred by Plaintiff, and drawing conclusions from these facts and observations in light of his experience. The Court finds that Zappia's reasoning is sufficiently reliable to withstand a *Daubert* analysis. To the extent that Defendants are unhappy with the level of specificity in Zappia's report, they are free to attack his opinions on cross-examination at trial. Finally, Defendants' attempts to read extra opinions concerning mitigation, duty, and causation into the opinions that Zappia actually provided simply do not raise any issue concerning reliability.

In light of the foregoing, the Court finds that Plaintiff has sustained its burden of demonstrating that Zappia's testimony is admissible under *Daubert* and its progeny. Accordingly, Defendants' Motion is denied on this point as well.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Defendants' Motion to Prohibit the Testimony of John Zappia for Failure to Timely Submit an Expert Report or, in the Alternative, to Disqualify Zappia as an Expert [D.E. 77] is **DENIED**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 23rd day of May 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:

The Honorable Barry S. Seltzer
Counsel of record