UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20607-CIV-ROSENBAUM/SELTZER

DEMOCRATIC REPUBLIC OF THE CONGO,

    Plaintiff,

vs.

AIR CAPITAL GROUP, LLC, *et al.*,

    Defendants.

_____/

**ORDER DENYING DEFENDANTS' SUPPLEMENTAL MOTION *IN LIMINE***

This matter is before the Court upon Defendants' Supplemental Motion *in Limine* [D.E. 150]. In their Motion, Defendants seek to (1) exclude all evidence at trial concerning the Stage III Hush Kits that are the subject of Count IV of Plaintiff's Complaint; (2) limit evidence of allegedly fabricated invoices to the six invoices identified by Plaintiff's expert John Zappia; and (3) exclude all evidence at trial of the flat rate paid by Air Capital Group, LLC ("ACG"), to Commerical Jet, Inc. The Court has considered Defendants' Motion and the arguments for and against and, for the reasons set forth below, denies Defendants' Motion.

**1. Hush Kits**

Defendants contend that Plaintiff Democratic Republic of the Congo ("DRC") has conceded its claim regarding the hush kits because Plaintiff's expert's report shows the money Plaintiff paid for the hush kits was credited to other balances. D.E. 150 at 2-3; D.E. 155 at 2-3. Defendants' reasoning appears to be that if Zappia's report shows no damages for the hush kits, the DRC cannot establish that it suffered damages for the hush kits. The Court is unpersuaded.

At the outset, Plaintiff vigorously disputes that it has conceded anything with respect to damages concerning the hush kits. *See* D.E. 154 at 2.  Nothing about Zappia's report makes it solely dispositive of all of Plaintiff's damages claims, and Plaintiff certainly is allowed an opportunity to make its case for damages at trial.  More significantly, the mere fact that Zappia's report reflects that the money paid for hush kits was credited against other balances by Defendants does not mean that Plaintiff has conceded the claim for fraud in Count IV of its Complaint.  As addressed in this Court's summary-judgment orders, questions of material fact exist regarding whether the balances to which the hush-kit funds were credited were legitimate.  The extent to which such credits were valid or invalid goes to the heart of the damages element of Plaintiff's fraud claim—an element that Defendants are free to contest at trial.

Precluding any evidence at trial about the hush kits would essentially grant Defendants summary judgment on Count IV of Plaintiff's Complaint.  Plaintiff has clearly not withdrawn or conceded its claim in Count IV, and, accordingly evidence of the hush kits is relevant and probative of that claim.  Therefore, this aspect of Defendants' motion is denied.

**2. Invoices**

Defendants contend that introducing any evidence concerning allegedly altered or fabricated invoices beyond the six identified in Zappia's damages report will result in unfair prejudice, confusion, misleading of the jury, undue delay, and wasting of time and should be excluded under Federal Rule of Evidence 403.  *See* D.E. 155 at 4.  Plaintiff admits that it is not seeking damages based on these other invoices but asserts that it is nevertheless "entitled to show that ACG had a practice of simply billing the DRC as much as it thought it could get away with doing, and routinely over-billed until the DRC happened to catch the billing impropriety."  D.E. 154 at 4-5.

Plaintiff has alleged in its Complaint against Defendants several counts of fraud as well as violations of Florida's Deceptive and Unfair Trade Practices Act. Although Plaintiff is not seeking to recover damages from these other alleged invoices, the Court agrees that these invoices are probative evidence of Defendants' intent and practices. Defendants are free to explain the alleged discrepancies in the invoices and clarify their import (or lack thereof) during trial. Therefore, they are not in and of themselves unduly prejudicial, confusing, or misleading. To the extent that Plaintiff's invoice evidence becomes cumulative, Defendants may raise that objection at the appropriate time. Defendants' motion regarding the invoices is denied.

### 3. Flat Rate Paid By ACG to Commercial Jet, Inc.

Defendants also seek to exclude evidence at trial of the flat rate paid by ACG to Commercial Jet to perform work on the aircraft at issue in this case. According to Plaintiff, this information is relevant to its fraudulent-inducement claim because Plaintiff seeks as damages for that claim the difference between the Commercial Jet flat rate and the flat rate that ACG charged Plaintiff. In support of their argument, Defendants make a variation of the waiver argument they propounded in their summary-judgment motions. Here, specifically, Defendants contend that Plaintiff has ratified the contract and must pay the higher flat rate due to ACG, regardless of whether that flat-rate agreement was fraudulently obtained. Accordingly, Defendants argue that the lower Commercial Jet flat rate is irrelevant since Plaintiff is required to pay to Defendants the higher flat rate, anyway.

As in their summary-judgment motions, Defendants conflate the fraud claims and the contract. At the end of the day, there will be a judgment on Plaintiff's fraud claim and there will be a determination of Defendants' rights under the contract. It is inappropriate at this juncture to reconcile the two and to preclude, because Defendants believe any fraud recovery will be wholly

offset by Plaintiff's contractual obligations,[1] evidence relevant to Plaintiff's theory of *fraud* damages. Furthermore, the Court notes that Plaintiff seeks both compensatory and punitive damages in its fraudulent-inducement claim, and the differing flat rates are relevant to both inquiries.

Defendants also, apparently, are seeking a belated summary judgment on the question of whether any ambiguity exists in the flat-rate term of the DRC-ACG contract. D.E. 150 at 9-10. According to Defendants, the existence of such an ambiguity is the only way Plaintiff may recover damages on its fraudulent-inducement claim. However, as noted above, the question of fraud—and the damages, if any, Plaintiff suffered—is independent from the contract. Accordingly, the Court will avoid unnecessarily construing contract terms when the information Defendants seek to exclude is plainly relevant to Plaintiff's theory of fraud damages.

## CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Defendants' Supplemental Motion *in Limine* [D.E. 150] is **DENIED**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 1st day of July 2013.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:

The Honorable Barry S. Seltzer
Counsel of record

---

[1] The Court is not deciding at this point whether any setoff between fraud damages and contract obligations is appropriate in this case.