UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-Civ-20607-COOKE/TORRES

THE DEMORATIC REPUBLIC OF THE CONGO,

    Plaintiff,

v.

AIR CAPITAL GROUP, LLC, MARIO ABAD,
individually, and JAIME SANCHEZ, individually,
and COMERCIAL JET, INC.,

    Defendants.
_____/

## **ORDER ON THE NON-PARTIES' AMENDED MOTION TO QUASH**

This matter is before the Court on World Air Logistics, LLC's, Aerothrust Holdings Leasing, LLC's, and Aerothrust Holdings, LLC (collectively, the "Non-Parties") amended motion to quash the Democratic Republic of Congo's ("Plaintiff") subpoenas. [D.E. 292]. Plaintiff responded to the Non-Parties' motion on November 29, 2017 [D.E. 294] to which the Non-Parties replied on December 6, 2017. [D.E. 295]. Therefore, the Non-Parties' motion is now ripe for disposition. After careful consideration of the motion, response, reply and relevant authority, and for the reasons discussed below, the Non-Parties' motion is **DENIED**.

## I. BACKGROUND

Plaintiff filed this action on February 14, 2012. [D.E. 1]. This case is based on a contractual dispute with respect to the repair of Plaintiff's aircraft. Plaintiff alleges that it entered into an agreement with Air Capital Group, LLC ("ACG"), and its CEO Mario Abad ("Abad") (collectively, the "Debtors" or "Defendants"). Plaintiff's complaint alleges five counts against the Debtors: fraud in the inducement in count 1, breach of contract in count 2, fraud in counts 3 and 4, and a violation of Florida's Deceptive and Unfair Trade Practices Act. The case proceeded to trial and the jury returned a verdict in favor of Plaintiff on counts 2-4 and in favor of Plaintiff on count 5 as to Debtors ACG and Abad only. Plaintiff holds a judgment against ACG in the amount of $1,328,723.26 and an additional $1,229,114.59 against ACG and Abad. The Court also awarded Plaintiff $1,017,926.44 in attorneys' fees and costs. [D.E. 288].

More than three years have passed since the Court entered a multi-million dollar judgment in Plaintiff's favor and – to date – the Debtors have not paid anything to Plaintiff in satisfaction of the judgment entered against them. As such, Plaintiff has served post-judgment discovery on the Debtors, as well as their related entities – the Non-Parties.[1] Plaintiff has subpoenaed documents for the purpose of determining whether the Debtors transferred assets to any of the Non-Parties and to what extent the Non-Parties may be the Debtors' successors or alter egos.

---

[1] In connection with post-judgment discovery efforts, the parties submitted a stipulated confidentiality agreement and protective order that the Court entered on August 24, 2016. [D.E. 285].

## II. ANALYSIS

The Non-Parties argue that Plaintiff's subpoena should be quashed because the information sought is irrelevant, and constitutes confidential, commercial, and financial information that will subject the Non-Parties to undue burdens and expenses. The subpoena seeks the following items: (1) Aerothrust Leasing's complete tax returns for the years 2014-2017, (2) financial statements on Aerothrust Leasing's assets and liabilities, (3) Aerothrust Leasing's bank statements for checking, saving, certificate of deposit, and money market accounts, (4) all bills of sale or other written evidence of the gift, sale, purchase, or other transfer or real or personal property, and (5) all bills of sale or other written evidence of the gift, sale, purchase, or other transfer of real or personal property by Aerothrust Leasing from the Judgment Debtors.[2]

The Non-Parties contend that the only requests that are remotely relevant are requests 4 and 5, but even those requests are also allegedly improper because the items sought are designated as confidential. The Non-Parties further suggest that Plaintiff has outstanding discovery requests to Defendants in this case and that the Non-Parties have failed to explain why the information sought cannot be more easily obtained from the parties to the underlying action. Therefore, the Non-Parties conclude that Plaintiff's subpoena should be quashed because (1) Plaintiff has failed to satisfy its burden in making a heightened showing of fraudulent concealment or an alter ego relationship between the Debtors and the Non-Parties,

---

[2] The requests are limited to a date range of March 19, 2014 until the date of a response to the subpoena.

(2) the subpoena violates Rule 45 of the Federal Rules of Civil Procedure, and (3) the subpoena requires the Non-Parties to compile extensive materials that will cause an undue burden and expense.

Plaintiff argues in response that the Non-Parties' motion must fail for three independent reasons. First, Plaintiff suggests that the Non-Parties failed to confer with Plaintiff in violation of the Local Rules. Second, Plaintiff contends that the Non-Parties failed to support their arguments with any evidence or specifics. And third, Plaintiff claims that discovery from the Non-Parties is necessary given the Non-Parties' close and extensive relationship with the Debtors.

Rule 69(a) of the Federal Rules of Civil Procedure provides, in part, the following:

> [i]n aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Fed. R. Civ. P. 69(a) (emphasis added). "Under this Rule, discovery may be had of the judgment debtor or third persons without separate suit and, if discovery is pursued under the federal rules . . . all the discovery devices of the Rules may be used as in the progress of the action." *Caisson Corporation v. County West Building Corporation,* 62 F.R.D. 331, 334 (E.D. Pa. 1974). While the scope of discovery directed at judgment debtors is broad, third parties are generally only examined "as to the judgment debtor's assets and are not required to disclose their own assets."

*National Union Fire Ins. Co. of Pittsburgh, Pa. v. Van Waeyenberghe,* 148 F.R.D. 256, 257 (N.D. Ind. 1993).

However, a third-parties' assets may be discoverable upon a "heightened showing of necessity and relevance," meaning "at least some demonstration of concealed or fraudulent transfers or alter ego relationship with the judgment debtor," is generally warranted. *Trustees of Amalgamated Ins. Fund v. Jordan Mfg. Corp.*, 2008 WL 343132, at *1 (S.D. Fla. Feb. 5, 2008) (quoting *Uniden Corporation of America v. Duce Trading Company, Ltd.,* 1993 WL 286102, 1 (W.D.N.Y. 1993)); *see also 2245 Venetian Court Bldg. 4, Inc. v. Harrison*, 149 So. 3d 1176, 1179 (Fla. 2d DCA 2014) ("'[W]e have . . . held that a nonparty may be subject to postjudgment discovery where the "judgment creditor can provide a good reason and close link between the unrelated entity and the judgment debtor."') (quoting *Gen. Elec. Capital Corp. v. Nunziata*, 124 So. 3d 940, 942 (Fla. 2d DCA 2013)); *Trustees of N. Florida Operating Engineers Health & Welfare Fund v. Lane Crane Serv., Inc.*, 148 F.R.D. 662, 664 (M.D. Fla. 1993) ("When the ground for the discovery is an alleged alter ego relationship with the judgment debtor, there must be facts before the Court to show the basis for the allegation.") (citing *Strick Corp. v. Thai Teak Products Company, Ltd.,* 493 F. Supp. 1210, 1218 (E.D. Pa. 1980)).

One case, in particular, is instructive on how courts consider a close link between a nonparty and a judgment debtor. In *Trustees of the North Florida Operating Engineers Health & Welfare Fund v. Lane Crane Service, Inc.,* 148 F.R.D. 662 (M.D. Fla. 1993), the court held that a judgment creditor was entitled, pursuant

to Rule 69 to seek discovery from a nonparty on the basis of an alter ego theory. The court relied on the fact that: (1) the judgment debtor became defunct within one month of the formation of the new company; (2) the son of the principal of the debtor company was the sole owner of the new company; (3) the debtor company and the new company utilized the same address; (4) the debtor company and the new company engaged in the same kind of business; and (5) the new company employed some of the debtor company's former employees. *See id.* at 664. The court held that while any one of those factors, standing alone, might not be sufficient to make the requisite showing, the combination of those factors provided a basis for the creditor's allegation of an alter ego relationship sufficient to justify the requested discovery. Accordingly, the court opined that creditors "can hardly be expected to make the prima facie showing required to implead [the nonparties in supplementary proceedings] before having access to discovery which would allow them to determine if such a showing can be made." *Id.*

Here, the record adequately demonstrates that the Non-Parties and the Debtors share a close relationship in that they have many of the same (1) principals, (2) places of businesses, and (3) registered agents. The Debtors also formed all of the Non-Parties. *See, e.g., Harrison*, 149 So. 3d at 1180 ("Here it is the combination of factors that leads us to conclude that a "close link" has been established: timing of the corporate name change and appointment of new officers shortly following Bateman's default, the fact that the two Venetian entities involved in this appeal share the same address, the fact that the Venetian entities share

6

corporate officers, and the fact that Bateman was still involved either as an owner or officer with several of the Venetian entities even after the judgment was obtained."). When coupled with the contention that the Non-Parties may have transferred assets to the Debtors and/or may be successor or alter egos, we find that Plaintiff has persuasively demonstrated a heightened showing of necessity and relevance for the disclosure of the items requested. *See Bozo v. Bozo*, 2013 WL 12128680, at *2 (S.D. Fla. Aug. 16, 2013) ("Given the number of corporate entities purportedly affiliated with Respondents and Non-Parties close relationship with Respondents, the Court finds that the information sought in the subpoenas is relevant to the claims at issue, and Non-Parties' objections to the subpoena on these grounds fails.") (internal citation omitted).

While the Non-Parties believe that the requested items are confidential, that argument rings hollow because the Non-Parties failed to offer any specifics aside from conclusory assertions. *See Eastwood Enterprises, LLC v. Farha*, 2010 WL 11508180, at *3 (M.D. Fla. Apr. 26, 2010) ("These conclusory statements, however, are insufficient to justify quashing or modifying the subpoenas or entering a protective order."); (citing *U & I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 673 (M.D. Fla. 2008) (*United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978); *Estate of Manship v. United States*, 240 F.R.D. 700, 702 (N.D. Ga. 2006)). Moreover, the Non-Parties' confidentiality concerns are minimized with the parties' confidentiality agreement which provides that "[t]hird parties producing documents in the course of this Action may also designate documents as 'CONFIDENTIAL'

7

subject to the same protections and constraints as the parties to the action." [D.E. 294]. *See DatCard Sys., Inc. v. PacsGear, Inc.*, 2011 WL 2491515, at *2 (D. Minn. Apr. 25, 2011), *Report and Recommendation adopted*, 2011 WL 2491366 (D. Minn. June 23, 2011) (as to the claim that production of the documents would require disclosure of highly sensitive proprietary information, the court found the claim "unfounded in light of the Protective Order in the underlying case"); *Ford Motor Co. v. Edgewood Properties, Inc.*, 2010 WL 4687820, at *4 (D.N.J. November 10, 2010) (recognizing "that there is an important privacy interest in [corporate] financial documents, the Court agrees that the information can be protected [;t]herefore, the Court . . . require[d] that the information be disclosed pursuant to a confidentiality order, only to be used in connection with this litigation"); *Medical Technology, Inc. v. Breg, Inc.*, 2010 WL 3734719, at *5 (E.D. Pa. September 21, 2010) (finding that any confidentiality concerns "associated with production according to the terms of the subpoenas are cured by the general Protective Order issued in the underlying Texas litigation"); *Gomez v. J.R. Hycee Conyeor Co., Inc.*, 2008 WL 64675, at *1 (E.D.N.Y. January 4, 2008) (finding that the defendant's "proposal to enter into a protective order limiting the use of the documents produced to this litigation . . . adequately addresses [the third-party's] interest in keeping its proprietary information confidential").

With respect to the Non-Parties' contention that the subpoena is unduly burdensome, the Non-Parties failed to offer any *specific* argument explaining why the discovery requests are unreasonable. *See Auto-Owners Ins. Co. v. Se. Floating*

8

*Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (finding that the objecting party must make a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements"). The Non-Parties merely argue that the subpoena would require them to search for, compile, and produce information. Yet, that contention – without more – is wholly unconvincing and does not satisfy their burden of demonstrating *how* the request is overly burdensome. *See Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012) ("A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome.") (citing *See Benfatto v. Wachovia Bank, N.A.,* 2008 WL 4938418, *4 (S.D. Fla. Nov. 19, 2008); (*Convertino v. U.S. Dep't of Justice,* 565 F. Supp. 2d 10, 14 (D.D.C. 2008)). Therefore, this argument also lacks merit.

In sum, Plaintiff has sufficiently established that there is a close link between the Debtors and the Non-Parties to justify a review of the Non-Parties' assets. And the Non-Parties have failed to demonstrate that the items sought are irrelevant, confidential, or that the subpoena would impose an undue burden. Because the Non-Parties' motion fails in several ways, the Non-Parties' motion to quash Plaintiff's subpoena must be **DENIED**.

### *III.* *CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the Non-Parties' motion to quash is **DENIED**. [D.E. 292]. The Non-Parties shall comply with Plaintiff's subpoenas within twenty-one (21) days from the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of January, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge